FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB - 3 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KEN JOSEPH** <br> *Plaintiff* <br> v. <br> **BARCLAYS BANK DELAWARE** <br> *Defendant* | ) <br> ) <br> ) CASE# 1:16-cv-00029-AT-RGV <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, KEN JOSEPH ("Joseph") hereby responds to Defendant, Barclays Bank Delaware's ("Defendant") Motion to Dismiss Plaintiff's Complaint and states:

### I. STATEMENT OF FACTS

1. On or about September 23rd, 2015 JOSEPH began to receive calls to his cell phone, 470-331-4557.

2. It appears that some or all of the calls was an attempt to collect a debt from a person whom last name is "Lewis or "Louis".

3. At no time did Joseph give his express consent, or written consent or otherwise to Defendant to call his number.

4. Defendant's phone systems and software have the capacity to predictively dial.

5. Joseph informed Defendant that his cell phone is not to be called on several occasions.

6. Joseph received over 40 separate and distinct calls from defendant.

7. On October 29th 2015, Joseph sent a Notice of Intent to Litigate in attempt to litigate the damages.

8. On November 8th 2015, Joseph received a reply via email requesting additional information.

9. Joseph subsequently filed two separate lawsuits (15M35106 and 15M25107) In The Magistrate Court of Gwinnett County State of Georgia each for violations of the Telephone Consumer Protection Act (TCPA) 227., 47 USC § 227 *Sec. seq*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C § 1692 *Sec. seq*.

## II. STATEMENT OF ISSUES

10. Defendant argues the it is entitled to Motion to Dismiss pursuant to LR 7.1 and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

11. Defendant, in his memorandum of law in support his Motion to dismiss states:

    a. Plaintiff fail to adequately plead a TCPA claim.

b. Plaintiff fail to adequately plead a FDCPA claim.

c. Without factual explanation, Plaintiff alleges Barclays is a "debt collection agency".

d. Plaintiff makes no allegation about how his number was obtained.

e. "Plaintiff alleges that Barclays phone system has the capacity to predictively dial, to store a database of numbers, to dial at random or in sequential order and to dial from a list of numbers without human intervention." "Plaintiff provides no factual basis for these claims."

### III. STANDARD OF REVIEW

12. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Id. At 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

13. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009)*. While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". *Ashcroft v. Iqbql, 129 W.Ct. 1937, 1950 (2009)*.

14. Well-pleaded allegations of fact and every inference fairly deducible therefore are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

## IV.   ARGUMENTS AND AUTHORITIES

15. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Sir. 1996): Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir. 1996)*. "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the

court grant defendant's motion." *Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)*. If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

1. Defendant's in his motion states that he is not a Debt collector and was looking for another person while calling Joseph more than 40 times. Obviously plaintiff is a non-debtor and no way that can be misconstrued as a common nucleus of operative facts. The fact that Joseph was a non-debtor and no debt owe to Barclay means there could not be any same cause of action (even though Joseph, during recent further research have found that he had a previous account with Defendant) ***see Exhibit "A".*** Therefore, this argument fails as baseless.

## A. Plaintiff fails to adequately plead a TCPA claim.

1. In his complaint, Defendant does not dispute any of the elements of the TCPA in Plaintiff allegation other than whether or not it used or had the capacity to use an ATDS while calling Joseph's cell phone. This argument is completely different from Defendant's concern during Pre-litigation discussion. In fact, Defendant argument was more directed toward whether or not Joseph adequately plead a TCPA

claim and cited several cases district cases. *Joseph v. ARS National Services, Inc., No. 13-cv-4123-JEC-RGV (N.D. Ga. February 21, 2014)* and attached an exhibit. This action is different from the instant case because the calls were directed to Joseph. In this instant case, Joseph is a non-debtor. Defendant continued calling (over 30 additional calls) after being told not to. Defendant rely other cases such as *Gragg v. Orange Cab Co., Inc., 942 F. Supp. 2d 1111, 1112-14 (W.D. Wash. 2013); Weave v Wells Fargo Bank N.A., No. 8:15-cv-1247-T-23TGW, 2015 WL 4730572 at 3 (M.D. Fla. Aug. 10, 2015).* Gragg v. Orange Cab Co. is different from the instant case because it is dealing with text messages not calls placed to a cell phone. In Weaver v. Wells Fargo, Weaver was making conclusory allegation not entitled to assumption of the truth. Defendant did not dispute whether or not the violations of the law occurred but rather the correct pleading of the case. As in Joseph v. ARS and many other cases Defendant cited, the court should allow Joseph in this instant case to amend his complaint to include the details he inadvertently excluded in his original pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

2. Defendant argues that "Plaintiff alleges that he spoke with Defendant's representatives, which negates a claim that the calls were made by an automated dialing system or artificial or prerecorded voice." And that Plaintiff alleges each call was "separate" and "distinct," as opposed to generic and /or identical, such an admission further discredit Plaintiff.

Over a period of 17 days, Joseph documented forty (40) calls place to his cell phone which originated from two separate numbers (866) 408-4070 and (866) 456-0677. That is almost three calls per day. Joseph received as many as five calls in a given day. On September 25, 2015, @ 11:59 Joseph answer an annoying call from Defendant number. After saying hello, hello, he realized there was no one on the line and heard nothing but dead air. On September 28, 2014, Joseph, as the call party answered another call to his cell phone which originated from Defendant's number (866) 408-4070. Joseph answered the phone and say "stop calling my cell phone" and once again, no one was there. Joseph hear nothing on the line. These calls repeated almost daily, twice sometimes three times per day. For example, on October 5th, 2014, Joseph received five calls. These calls each have a duration of between 6 to 15 seconds of silence and Joseph continue to

receive over 20 more calls after demanding the Defendant to refrain from calling his cell phone.

It's hard to believe an entity as large as Barclays Bank is actually manually dial all of its Clients on a course of a business day as many time as he calling Joseph, unless Joseph is a special customer.

### B. Plaintiff fails to adequately plead a FDCPA claim.

16. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, *Taylor v. Perrin, Landry deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997): see also Irwin v. Mascott, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609 (D. Nev. 1997).* "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S., 74 F. 3d 30, 33-34 (2nd Cir. 1996).*

17. The FDCPA is a remedial statute. *Hamilton v. United Healthcare of Louisiana, Inc., 310 F. 3d 385, 392 (5th Cir. 2002).* The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162, 1176 (9th Cir. 2006).* "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).*

18. Defendant assert that he is not a debt collector because he is a creditor who was looking for someone else. However, Joseph recently discovered that he had an old account with the Defendant which he could have possibly been trying to collect on.

19. These and other argument brought before the Court in this motion is intentional and for the purpose of wasting the Court's time and valuable resources. An exact copy of this lawsuit was given to Defendant during pre-litigation discussion as an attempt to prevent wasting of the Court's time and valuable resources. However, a settlement was not reached. Now Defendant filed this 12 b(6) motion before the court because Plaintiff filed two sets of action, Not properly pleading TCPA and FDCPA does nothing to save any party time or resources. "A party may amend its pleading once as a matter of course" within 21 days after serving it, or with 21 days after the earlier of service of the responsive pleading of service of a Rule 12(b) motion, but in all other cases a party may amend its pleading only by the leave of the court or by written consent of the adverse party, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. The District court "should freely give leave when justice so requires." Id. However, where a more carefully drafted complaint could not state a claim and amendment

would be futile, dismissal with prejudice is proper. *See Cockrell, 510 F.3d at 1310.*

20. Joseph, through discovery and deposition, if the Court allow the case to continue will search for these additional details to prove his case. Joseph will also identify the additional calls which he was unable to document.

## V. **CONCLUSION**

21. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of Joseph, pro-se Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's pro-se status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. *See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).* Plaintiff in his complaint have clearly alleged sufficient facts to show that he is entitled to proceed with his action.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order denying Defendant's Motion to Dismiss for Failure to State a Claim. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend his Complaint.

Dated: 1-26-16

Respectfully submitted,

_____
Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 470-331-4557
Email: sem252525@aol.com

Service to:

BARCLAYS BANK DELAWARE
c/o
Wyrick Robbins Yates & Pronton, LLP
Michael D. DeFrank
mdefrank@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
Telephone: (919) 781-4000
mdefrank@wyrick.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent by first class mail USPS to counsel of record listed below for Defendant.

BARCLAYS BANK DELAWARE
c/o
Wyrick Robbins Yates & Pronton, LLP
Michael D. DeFrank
mdefrank@wyrick.com
4101 Lake Boone Trail, Suite 300
Raleigh, NC 27607
Telephone: (919) 781-4000
mdefrank@wyrick.com

Dated: January 26th, 2016

_____
Ken Joseph
596 Middleton Place
Grayson, GA 30017
Phone: 470-331-4557
Email: sem252525@aol.com





Prepared for: KENAUD SEM JOSEPH
Date: September 07, 2014
Report number: 4136-5261-17

Page 6 of 26

Your accounts that may be considered negative (continued)

## Credit items

| | | | | | |
|---|---|---|---|---|---|
| **BARCLAYS BANK DELAWARE**<br>700 PRIDES XING<br>NEWARK DE 19713<br>**Phone number**<br>(877) 523 0478<br>**Partial account number**<br>469596500235....<br>**Address identification number**<br>0428104090 | Date opened<br>Jan 2008<br>First reported<br>Feb 2008<br>Date of status<br>Dec 2010 | Type<br>Credit card<br>Terms<br>Not reported<br>Monthly payment<br>Not reported | Credit limit or original amount<br>$500<br>High balance<br>$809 | Recent balance<br>$809 as of May 2013 | Responsibility<br>Individual<br>Status<br>Account charged off. $353 written off. $809 past due as of May 2013.<br>This account is scheduled to continue on record until Jan 2017.<br>Comment<br>Account closed at consumer's request.<br>This item was updated from our processing of your dispute in May 2013. |

Payment history

2013          2012                              2011                              2010                              2009
MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC

2008
NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB