# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KEN JOSEPH,

        Plaintiff,

    v.

BARCLAYS BANK DELAWARE,

      Defendant.

CIVIL ACTION FILE NO.

1:16-cv-00029-AT-RGV

## MAGISTRATE JUDGE'S NON-FINAL
## REPORT, RECOMMENDATION, AND ORDER

Defendant Barclays Bank Delaware ("Barclays") removed this action from the

Magistrate Court of Gwinnett County, Georgia, on January 5, 2016, see [Doc. 1], and

filed a motion to dismiss *pro se* plaintiff Ken Joseph's ("Joseph") complaint, [Doc. 3],

which Joseph opposes, [Doc. 5].[1]  Joseph has filed two identical motions to dismiss

---

[1] Barclays filed a reply in support of its motion to dismiss, [Doc. 6], and Joseph subsequently filed two motions for leave to file a surreply to Barclays' reply brief, [Docs. 9 & 10], and an affidavit in support of his motion for leave to file a surreply, [Doc. 8].  As Barclays points out, these motions, filed less than one week apart, "are substantially similar and none of the differences are substantive in nature." [Doc. 12 at 1].  "Neither the Federal Rules of Civil Procedure nor this Court's Local Rules authorize the filing of surreplies as a matter of right or in the ordinary course of litigation." Haygood v. Cmty. & S. Bank, No. 1:12–cv–295–WSD, 2012 WL 6681732, at *3 (N.D. Ga. Dec. 21, 2012) (citations omitted); see also Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 857 (11th Cir. 2010) (per curiam) (unpublished) (citation omitted).  "Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Fedrick v. Mercedes-Benz USA, LLC, 366

the second cause of action contained in his complaint, see [Docs. 7 & 11], and

Barclays has not responded to these motions.[2]  For the reasons that follow, it is

**RECOMMENDED** that Joseph's motions to dismiss, [Docs. 7 & 11], be **DENIED**,

---

F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (citation omitted); see also St. James Entm't LLC v. Dash Crofts, Civil Action No. 1:09-CV-1975-RWS, 2010 WL 2802616, at *1 (N.D. Ga. July 13, 2010) ("Certainly, the Court is disinclined to consider arguments raised in a surreply which could have been raised in an earlier filing."). Joseph seeks to file a surreply to "clarify the record and to respond to [Barclays'] argument in [its] reply." [Doc. 9 at 2; Doc. 10 at 2]. In particular, he seeks to address Barclays' argument, which was not contained in its motion to dismiss, that Joseph's response contained allegations not in his complaint. See [Docs. 9-1 & 10-1]. While surreplies may be filed when a party raises new arguments in a reply brief, no surreply is warranted "[i]f . . . [as is the case here,] the new arguments simply respond to arguments raised in a response brief," Chemence Med. Prods., Inc. v. Medline Indus., Inc., 119 F. Supp. 3d 1376, 1383 (N.D. Ga. 2015) (footnote omitted); see also Williams v. Columbus Bar Ass'n, Civil Action No. 1:12-CV-04382-RWS, 2013 WL 1963822, at *1 (N.D. Ga. May 8, 2013) (denying motion for leave to file a surreply as defendant's reply brief "directly addresse[d] arguments raised by [p]laintiff in its response brief and d[id] not raise new arguments or facts"), and Joseph's motions for leave to file a surreply, [Docs. 9 & 10], are therefore **DENIED**, see Harris v. F.D.I.C., 885 F. Supp. 2d 1296, 1308 (N.D. Ga. 2012), and the Court will not consider Joseph's surreplies, [Docs. 9-1 & 10-1], in ruling on Barclays' motion to dismiss. The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

    [2] Since Barclays has not responded to Joseph's motions to dismiss, [Docs. 7 & 11], these motions are deemed unopposed. See LR 7.1B, NDGa. Nevertheless, the Court will address the merits of these motions. See Graham v. Chase Home Fin., Civil Action No. 1:10-CV-2652-RWS, 2010 WL 5071592, at *1 (N.D. Ga. Dec. 6, 2010) (citations omitted) ("[A]n unopposed motion does not meant that the moving party automatically prevails; rather, the Court is still to consider the merits of the motion.").

and that Barclays' motion to dismiss Joseph's complaint, [Doc. 3], be **GRANTED IN PART** and **DENIED IN PART**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[3]

This action arises out of an attempt to collect a debt.  Joseph alleges that, beginning on September 23, 2015, Barclays, who extends credit to individuals in the form of credit cards and "makes telephone calls in an attempt to collect on [unpaid] accounts," [Doc. 1-1 at 3 ¶ 10, 4 ¶¶ 12-13], called Joseph on his cell phone "numerous" times to collect a debt from a person named "Lewis or Louis," [id. at 4 ¶¶ 16, 18 (internal marks omitted)].  He further alleges that between September 23, 2015, and October 20, 2015, Barclays "continue[d] to call [his] cell phone at least 40 times," despite his instruction on several occasions that his "cell phone [was] not to be called," [id. at 6 ¶¶ 29-30], and that Barclays "continues to attempt to enforce and collect a non-existent debt," [id. at 7 ¶ 39].  According to his complaint, Joseph did not know the person from whom Barclays was attempting to collect the debt, and this person "at no time had access to [his] cell phone."[4]  [Id. at 4 ¶¶ 16-17, 7 ¶ 34].  Joseph also alleges that he did not give "express consent, written or otherwise, to

---

[3] The facts are taken from the pleadings and supporting exhibits and do not constitute findings of fact by the Court.

[4] Joseph additionally alleges that he is a "non-debtor" with "no prior or present established relationship with [Barclays.]"  [Doc. 1-1 at 7 ¶ 36].

[Barclays] to call his number." [Id. at 5 ¶ 20].  Lastly, he asserts that Barclays' phone systems "ha[d] the capacity to predictively dial," "to store a database of telephone numbers and to dial those numbers at random or in sequential order," and "to dial from a list of numbers without human intervention," and that the calls to his cell phone "were placed using an automatic telephone dialing system [('ATDS')] or other equipment capable of storing and producing telephone numbers at random or sequential periods to be dialed (auto dialer)." [Id. at 5-6 ¶¶ 23-26, 6 ¶¶ 27-28 (second alteration in original)].

According to his complaint, on October 29, 2015, Joseph sent a "Notice of Intent to Litigate" via certified mail to Barclays, which Barclays responded to on November 8, 2015, seeking more information, and on November 15, 2015, Joseph sent a copy of the impending lawsuit to Barclays in an attempt to mitigate damages. [Id. at 8-9 ¶¶ 44-46].  Joseph then filed this action in the Magistrate Court of Gwinnett County, Georgia, on December 4, 2015, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. [Doc. 1-1]. Barclays timely removed the action to this Court on January 5, 2016, see [Doc. 1], and subsequently filed a motion to dismiss, [Doc. 3], which Joseph opposes, [Doc. 5]. Joseph has moved to dismiss "his second cause of action ([w]hich contained the

FDCPA violation)." [Doc. 7 at 4]; <u>see also</u> [Doc. 11]. Barclays has not responded to Joseph's motions to dismiss.[5]

## II.  STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the Court must accept Joseph's allegations as true and construe the complaint in his favor. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1402 (11th Cir. 1993); <u>Tapsoba v. Khiani Alpharetta, LLC</u>, Civil Action No. 1:13–CV–1519–RWS, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013). "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'" <u>Smith v. Delta Air Lines, Inc.</u>, 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting <u>Papasan v. Allain</u>, 478 U.S. 265,

---

[5] The Court notes that Joseph has filed another complaint against Barclays, which also has been removed to this Court. <u>See Joseph v. Barclays Bank Delaware</u>, Civil Action No. 1:16-cv-00030-AT-RGV, at [Docs. 1 & 1-1] (N.D. Ga. Jan. 5, 2016) ("Joseph II"). In that action, Barclays has filed a motion to dismiss, and Joseph has filed motions to dismiss his FDCPA claim and to file a surreply to Barclays' reply in support of its motion to dismiss. <u>Id.</u> at [Docs. 3, 6, & 8]. Because these two actions are nearly identical, it is **RECOMMENDED** that they be consolidated into a single action, but a separate Report and Recommendation will be issued in Joseph II. <u>See HCC Ins. Holdings, Inc. v. Flowers</u>, 1:15-cv-3262-WSD & 1:15-cv-4106-WSD, 2016 WL 1192681, at *2 (N.D. Ga. Mar. 21, 2016) (citing <u>Hargett v. Valley Fed. Sav. Bank</u>, 60 F.3d 754, 765-66 (11th Cir. 1995)) ("The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a).").

286 (1986)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," id. (footnote and citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations and internal marks omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam); Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).[6]

## III.   DISCUSSION

### A.   Joseph's Motions to Dismiss, [Docs. 7 & 11]

Joseph moves to dismiss, without prejudice, the second cause of action in his complaint, which asserts a FDCPA claim against Barclays.  [Docs. 7 & 11].  Barclays has not responded to Joseph's motions to dismiss, and the Court will construe these motions to dismiss as notices of voluntary dismissal.  See Davis v. Ocwen Loan Servicing, LLC, Civil Action File No. 1:13-CV-1985-TWT, 2013 WL 6061597, at *2

---

[6] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (citation omitted) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

(N.D. Ga. Nov. 15, 2013), adopted at *1 (citations and internal marks omitted) (quoting <u>Matthews v. Gaither</u>, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam)) (construing plaintiff's motion to dismiss without prejudice as a notice of voluntary dismissal as "[t]he fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence"); <u>see also</u> <u>Cordrey v. Corizon</u>, Case No. 5:15cv33/MW/CJK, 2015 WL 5895455, at *1 (N.D. Fla. Sept. 8, 2015), adopted by 2015 WL 5842687, at *1 (N.D. Fla. Oct. 6, 2015) (concluding that "plaintiff's motion to dismiss should be construed as a notice of voluntary dismissal").

"Rule 41(a)(1)(A)(i) allows a plaintiff to dismiss an action voluntarily without a court order by filing a 'notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.'" <u>Soldrick v. Colvin</u>, No. 1:12-cv-4373-WSD, 2013 WL 5360758, at *2 (N.D. Ga. Sept. 25, 2013), adopted at *1 (quoting Fed. R. Civ. P. 41(a)(1)(A)(i)). "Courts in this circuit and others have found that a defendant's filing of a motion to dismiss under Rule 12(b) does not affect a plaintiff's right to dismiss an action voluntarily, with the exception of a 12(b)(6) motion converted to a motion for summary judgment." <u>Davis</u>, 2013 WL 6061597, at *1 (collecting cases). However, "[c]ourts uniformly have held that Rule 41(a) does not permit the dismissal of individual claims from a multi-claim action but only

authorizes the dismissal of an entire action."[7]  ILCO Site Remediation Grp. v. Taracorp, Inc., No. 1:12-CV-00238-WSD, 2014 WL 4956376, at *4 n.9 (N.D. Ga. Oct. 1, 2014) (citations omitted).  In fact, Rule 41(a) "is applicable only to the voluntary dismissal of all the claims in an action," and "a district court is not empowered to dismiss only certain claims under Rule 41[.]"  Id. (citation and internal marks omitted) (citing Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004)).  The Court cannot grant Joseph a voluntary dismissal of the second cause of action in his complaint, and it is therefore **RECOMMENDED** that Joseph's motions to dismiss, [Docs. 7 & 11], be **DENIED**.  See Hitachi Koki Co., Ltd. v. Techtronic Indus. Co. Ltd., No. 1:09-cv-3308-WSD, 2013 WL 10110347, at *3 (N.D. Ga. Feb. 6, 2013).[8]

---

[7] In his motions, Joseph appears to argue that dismissal of part of his action is permissible and cites to cases from the Appellate Court of Illinois and "section 2-1009 of the [Illinois] Code."  [Doc. 7 at 3; Doc. 11 at 3].  However, "[v]oluntary dismissal of civil actions in federal courts is governed by Rule 41(a)[ of the] Federal Rules of Civil Procedure," Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963), not state law, and thus Joseph's argument to the contrary is without merit. Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[8] The Court notes that "many authorities have explained[ that] the proper way for a plaintiff to remove a single claim is to move to amend the complaint under Rule 15."  Hitachi Koki Co., Ltd., 2013 WL 10110347, at *3 n.2 (citation omitted). "Because [Joseph] [] did not file a motion to amend, and the Court did not receive briefing on such a motion, which has a different standard than on a Rule 41(a) motion, the Court does not consider whether an amendment is proper under Rule

**B.    Barclays' Motion to Dismiss, [Doc. 3][9]**

    **1.    *TCPA Claim***

Joseph alleges that Barclays "has committed nineteen (10) [sic] distinct separate documented violations of [the TCPA]" by "using an [ATDS] to call [his] number, which is assigned to a cellular telephone service," without his prior consent.  [Doc. 1-1 at 9-10 ¶¶ 35-36].  Barclays responds that Joseph has failed to adequately plead a claim under the TCPA.  [Doc. 3-1 at 6].

---

15."  Id.

    [9] Barclays has attached certain exhibits to its motion, [Docs. 3-2 through 3-15], and while the Court may generally not consider matters outside the pleadings "without converting [a motion to dismiss] to a motion for summary judgment," Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Omega Patents, LLC v. Lear Corp., No. 6:07-cv-1422-Orl-31DAB, 2008 WL 821886, at *1 (M.D. Fla. Mar. 20, 2008), "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to a Rule 56 motion," Halmos v. Bomardier Aerospace Corp., 404 F. App'x 376, 377 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Zivanic v. Wash. Mut. Bank, F.A., No. 10-737 SC, 2010 WL 2354199, at *2 n.2 (N.D. Cal. June 9, 2010) (citation omitted).  Because the complaint in Joseph II, [Doc. 3-3], and this Court's Report and Recommendation from a prior case, [Doc. 3-4], were filed on the docket of this Court and are public documents, the Could will consider the exhibits attached to Barclays' motion to dismiss without converting the motion into a motion for summary judgment.  See Universal Express, Inc. v. U.S. S.E.C., 177 F. App'x 52, 53-54 (11th Cir. 2006) (per curiam) (unpublished).  The remainder of Barclays' attachments are various court opinions, which likewise do not require this Court to convert its motion to dismiss into a motion for summary judgment.  See [Docs. 3-5 through 3-15].

The TCPA is "a federal statute that regulates the use of telephone technology . . . [in order] to curb abusive telemarketing practices that threaten the privacy of consumers and businesses."  Ashland Hosp. Corp. v. Serv. Emps. Int'l Union, 708 F.3d 737, 740-41 (6th Cir. 2013).  The TCPA has separate provisions addressing residential phone calls and cellular phone calls.  See 47 U.S.C. § 227(b)(1)(A)-(B).  With respect to residential phone calls, the TCPA makes it "unlawful for any person . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the [Federal Communication] Commission [('FCC')]."  47 U.S.C. § 227(b)(1)(B).  The FCC has exempted from the TCPA calls "made for a commercial purpose [and that do] not include or introduce an advertisement or constitute telemarketing[.]" 47 C.F.R. § 64.1200(a)(3)(iii) (2013); see also Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011) (per curiam) (unpublished) (citations omitted).  The FCC has also determined that this exemption applies to debt collection calls.  See Meadows, 414 F. App'x at 235 (citing In the Matter of Rules and Regulations Implementing the [TCPA] of 1991, 7 FCC Rcd. 8752, 8773, ¶ 39 (July 26, 1995)) ("The FCC has made clear that th[is]

exemption[] 'appl[ies] where a third party places a debt collection call on behalf of the company holding the debt.'").

In contrast to the TCPA's provisions governing calls to residential numbers, there is no exception for debt collection calls in the sections applicable to cellular numbers, "nor does the statute permit any regulatory agency to make [such] exceptions[.]"   Iniguez v. The CBE Grp., No. 2:13-cv-00843-JAM-AC, 2013 WL 4780785, at *5 (E.D. Cal. Sept. 5, 2013); see also Mashiri v. Ocwen Loan Servicing, LLC, Civil No. 3:12-cv-02838-L-MDD, 2013 WL 5797584, at *4 (S.D. Cal. Oct. 28, 2013) (citations omitted).  In order to prevail on a TCPA claim based on calls made to a cellular phone, a plaintiff must show that (1) the defendant made the calls to a cellular telephone number, (2) by using an ATDS or artificial or prerecorded voice, (3) without his prior consent.  42 U.S.C. § 227(b)(1)(A)(iii); Augustin v. Santander Consumer USA, Inc., 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012) (citations omitted); see also Daniels v. ComUnity Lending, Inc., No. 13cv488-WQH-JMA, 2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014) (citation omitted); Pugliese v. Prof. Recovery Serv., Inc., No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010) (citations omitted).  The TCPA defines an ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator[,] and [] to dial such numbers."  47 U.S.C. § 227(a)(1)(A)-(B). "Use

12

of an [ATDS] is a necessary element fo a claim under the TCPA, so dismissal is required in the absence of a plausible inference that [Barclays] used such a system." McGinity v. Tracfone Wireless, Inc., 5 F. Supp. 3d 1337, 1340 (M.D. Fla. 2014).

Joseph asserts that Barclays "made several attempts to collect a debt by dialing [his] [c]ell phone using an [ATDS]" without his "prior express [consent] nor for emergency purposes." [Doc. 1-1 at 5 ¶ 20, 6 ¶¶ 28, 32]. In particular, he alleges that Barclays "call[ed] [his] cell phone at least 40 times . . . beginning September 23rd 2015 to October 20, 2015," despite his informing Barclays that "his cell phone is not to be called," and that "[a]ll of [these] telephone calls to [him] were placed using an [ATDS] or other equipment capable of storing and producing telephone numbers at random or sequential periods to be dialed." [Id. at 6 ¶¶ 27, 29, 30]; see also [id. at 10 ¶¶ 35-36]. He further alleges that Barclays "phone systems ha[ve] the capacity to predictively dial," "the capacity to store a database of telephone numbers and to dial those numbers at random or in sequential order," and "the capacity to dial from a list of numbers without human intervention," and that Barclays programs "telephone [numbers] into its collection systems which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answer [sic] the telephone." [Id. at 5 ¶¶ 23-26]. In support of his TCPA claim, Joseph has attached as an exhibit to his complaint a spread sheet containing the date

and time for the alleged calls, which consists of thirty-nine calls over the course of approximately one month with as many as five calls in one day.  [Id. at 15].

Barclays argues that Joseph's claims that it has an ATDS and used it to call Joseph are conclusory allegations that are insufficient to survive its motion to dismiss.  [Doc. 3-1 at 7-9].  "'In light of a plaintiff's difficulty in obtaining information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create plausible inference that the call was made using an ATDS.'" White v. Synchrony Bank, Case No. 8:15-cv-01205-T-27AEP, 2015 WL 5821102, at *2 (M.D. Fla. Oct. 2, 2015) (quoting Reid v. GE Capital Retail Bank, No. CV 114-079, 2014 WL 6981426, at *2 (S.D. Ga. Dec. 9, 2014)); see also Weaver v. Wells Fargo Bank N.A., No. 8:15-cv-1247-T-23TGW, 2015 WL 4730572, at *3 (M.D. Fla. Aug. 10, 2015). In fact, "[n]umerous courts have stated that sufficient information to draw an inference an ATDS was used could consist of facts such as when the calls were made and the calls' subject matter."  White, 2015 WL 5821102, at *2 (citations omitted). Here, Joseph alleges that he received 39 calls from Barclays over an approximately one-month period, and he has noted the day, time, and debt collection purpose of the calls.  He further alleges that he told Barclays to stop calling on several occasions,

14

yet Barclays continued to call.[10] "[T]he Court finds that [Joseph's] factual allegations in this case regarding [Barclays'] numerous calls create a plausible inference that the calls were made using an [ATDS] and therefore nudge [his] claim across the line from conceivable to plausible." Reid, 2014 WL 6981426, at *3 (citing Iqbal, 556 U.S. at 680; Twombly, 550 U.S. at 547); see also White, 2015 WL 5821102, at *2 (citations omitted) ("[Plaintiff] alleges how many calls there were, when they took place, and their subject, which are sufficient factual allegations to create a plausible inference that the calls were made using an ATDS," and "[plaintiff's] allegation that [defendant] ignored his requests to stop calling him supports an inference that the defendant was using an ATDS."); Neptune v. Whetstone Partners, LLC, 34 F. Supp. 3d 1247, 1250 (S.D. Fla. 2014) (finding plaintiff's TCPA claim contained sufficient

_____

[10] In his response to Barclays' motion to dismiss, Joseph has asserted additional facts regarding the alleged calls not included in his complaint to support his TCPA claim, and he argues that the Court should allow him the opportunity to amend his complaint to include these additional allegations. See [Doc. 5 at 6-8]; see also [Doc. 1-1]. Barclays correctly contends, [Doc. 6 at 2 (citations omitted)], that new allegations asserted for the first time in a response brief are not properly before the Court, see Greason v. Ga. Dep't of Revenue, Civil Action File No. 1:11-CV-4506-TWT-JFK, 2012 WL 3022012, at *4 (N.D. Ga. June 20, 2012), adopted by 2012 WL 3020406, at *1 (N.D. Ga. July 24, 2012). Thus, "the Court disregards any factual allegations that do not appear on the face of the [c]omplaint or in appropriate attachments[.]" Demilio v. Citizens Home Loans, Inc., Civil Action No. 3:12-CV-81(CAR), 2013 WL 331211, at *2 (M.D. Ga. 2013), aff'd, 543 F. App'x 986 (11th Cir. 2013) (per curiam) (unpublished) (footnote omitted); see also Greason, 2012 WL 3022012, at *4 (citation omitted) ("Because none of these allegations were asserted in [p]laintiff's complaint, they will not be considered by the court in its analysis of [d]efendant's Rule 12(b)(6) motion to dismiss.").

factual allegations to survive defendant's motion to dismiss where plaintiff alleged that 45 calls were received over a six-month period, with many occasions where numerous calls were received on the same day, and that defendant ignored his demands to cease calling, which the court concluded "suggest[ed] that [d]efendant was autodialing").

Barclays cites several cases from various jurisdictions to support its assertion that courts dismiss TCPA claims containing "a bare allegation that a defendant used an [ATDS]." [Doc. 3-1 at 7 (citations omitted)]. However, Joseph's complaint includes additional factual allegations beyond the bare assertion that an ATDS was used, and Barclays "does not cite a single case from any jurisdiction where a complaint alleging the day, time and purpose of such a large number of calls made over such a short period of time was held insufficient." Reid, 2014 WL 6981426, at *3. In addition, Barclays argues that Joseph's claim that he informed Barclays' representatives to stop calling during several of the alleged calls "negates the claim that the calls to [him] were automated." [Doc. 3-1 at 8 (citations omitted)]. However, this is not necessarily so because Joseph "could have been called by a predictive dialer which would dial the number automatically and then connect the call to an employee." White, 2015 WL 5821102, at *2 (citation omitted) (rejecting argument that plaintiff spoke to employee and told him to stop calling infers that the

calls were not made by an ATDS).  Thus, Joseph's "claim is not negated simply because he spoke to a human being."  Id. (citations omitted).  The cases cited by Barclays to support its argument, see [Doc. 3-1 at 8-9], are distinguishable from this case because, in those cases, the plaintiffs failed to allege any facts creating a plausible inference that the defendants were using an ATDS, see McGinity, 5 F. Supp. 3d at 1340; Duran v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012).    Thus, Barclays' arguments are without merit, and it is **RECOMMENDED** that Barclays' motion to dismiss Joseph's TCPA claim, [Doc. 3], be **DENIED**.

### 2.    *FDCPA Claim*

Joseph contends that Barclays violated the FDCPA by "engag[ing] in behavior the natural consequence of which was to harass, oppress, or abuse [him] in connection with the collection of a debt" and "refusing to grant [his] demand to cease[] calls to his cell phone and causing his phone to ring repeatedly in [an] attempt to engage [him] in telephone conversation, with the intent to annoy and harass." [Doc. 1-1 at 12 ¶¶ 42-43].  Barclays responds that Joseph's complaint fails to state a claim under the FDCPA as a matter of law and should be dismissed. [Doc. 3-1 at 10-14].  Specifically, Barclays asserts that it is not a debt collector as defined

under the FDCPA, and even if it were, Joseph has not alleged a violation under the FDCPA.  [Id.].

"Congress enacted the [FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." Acosta v. Campbell, 309 F. App'x 315, 319 (11th Cir. 2009) (per curiam) (unpublished) (citation and internal marks omitted).  In order to state a plausible FDCPA claim, Joseph must allege facts that show: "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Diaz v. Fla. Default Law Grp., P.L., No. 3:09-cv-524-J-32MCR, 2011 WL 2456049, at *2 (M.D. Fla. Jan. 3, 2011) (alteration, citations, and internal marks omitted); see also Gass v. CitiMortgage, Inc., Civil Action No. 1:11-CV-3713-RWS-JSA, 2012 WL 3201400, at *14 (N.D. Ga. June 25, 2012), adopted by 2012 WL 3156770, at *1 (N.D. Ga. July 19, 2012).  "The FDCPA defines a 'debt collector' as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

18

due or asserted to be owed or due another.'" <u>Bentley v. Bank of Am., N.A.</u>, 773 F.

Supp. 2d 1367, 1371 (S.D. Fla. 2011) (quoting 15 U.S.C. § 1692a(6)).  "'[A] 'debt

collector' does not include the consumer's creditors, a mortgage servicing company,

or an assignee of a debt, as long as the debt was not in default at the time it was

assigned.'" <u>Janke v. Wells Fargo & Co.</u>, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011)

(quoting <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Joseph alleges that Barclays extends credit to individuals in the form of credit

cards and when the credit cards go unpaid, Barclays attempts to collect on the

accounts.[11]   [Doc. 1-1 at 4 ¶¶ 12-13].   Barclays argues that, based on Joseph's

allegations, Barclays is not a debt collector as "[c]reditors collecting on their own

_____

[11] Joseph alleges that Barclays "is a debt collection agency as defined by [the FDCPA]."  [Doc. 1-1 at 3 ¶ 6].  However, this is "a legal conclusion which the Court cannot consider."  <u>Beckles v. Aldridge Connors, LLP</u>, Civil Action File No. 1:12-CV-03377-JEC-WEJ, 2013 WL 5355481, at *5 (N.D. Ga. Feb. 27, 2013), adopted by 2013 WL 5354240, at *1 (N.D. Ga. Sept. 24, 2013) (citing <u>Iqbal</u>, 556 U.S. at 679) (noting that plaintiff's allegation in the complaint that defendant is a debt collector was a legal conclusion); <u>see also</u> <u>Correa v. BAC Home Loans Servicing LP</u>, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *12 (M.D. Fla. Apr. 9, 2012) (finding plaintiff's allegations that defendants were debt collectors were "legal conclusions [] insufficient to state a claim for relief").  Joseph also includes new allegations in his response that are not contained in his complaint.  In particular, he claims that he "had an old account with [Barclays] which [it] could have possibly been trying to collect on."  <u>See</u> [Doc. 5 at 9, 13].  However, as previously discussed, the Court will not consider these new factual allegations, and as Barclays correctly contends, whether Joseph was, in fact, the debtor from whom Barclays was attempting to collect, this would not establish that Barclays is a debt collector under the FDCPA.  <u>See</u> [Doc. 6 at 5].

debts are . . . not 'debt collectors' and therefore are not subject to FDCPA liability."
[Doc. 3-1 at 11 (emphasis and citations omitted)].  The Court agrees.  Indeed, "[t]o
be subject to the [FDCPA], an entity must be a 'debt collector' that collects the 'debts
. . . due another[.]'"  Hixon v. French, 517 F. App'x 767, 769 (11th Cir. 2013) (per
curiam) (unpublished) (quoting 15 U.S.C. § 1692a(6)).  However, Joseph's complaint
alleges that Barclays extends credit to individuals in the form of credit cards and
"makes telephone calls in an attempt to collect on [unpaid] accounts," [Doc. 1-1 at
3 ¶ 10, 4 ¶¶ 12-13], so Barclays is not a debt collector as it is defined under the
FDCPA, and therefore not subject to the FDCPA, Hixon, 517 F. App'x at 769; Kuria
v. Palisades Acquisition XVI, LLC, 752 F. Supp. 2d 1293, 1301 (N.D. Ga. 2010),
adopted at 1295 (citation omitted) ("The FDCPA is generally inapplicable to a
'creditor' unless that entity has used a third-party name to collect its own debt.
Therefore, [defendant] presumptively is not liable under the FDCPA for collection
actions undertaken on its own debts and in its own name."); Humphrey v. Wash.
Mut. Bank, F.A., Civil Action No. 1:06-CV-1367-JOF, 2007 WL 1630639, at *2 (N.D.
Ga. June 1, 2007) (finding "[d]efendant [was] not a debt collector because it was
attempting to collect its own debt from [p]laintiffs"); see also Lemke v. Barclays
Bank Delaware, No. 14-cv-14449, 2015 WL 3441145, at *6 (E.D. Mich. May 28, 2015),
adopted at *1 (citations omitted) (finding defendant Barclays was not a debt collector

under the FDCPA).[12] Accordingly, it is **RECOMMENDED** that Barclays' motion to dismiss Joseph's FDCPA claim, [Doc. 3], be **GRANTED**.[13]

─────────────────

[12] Even if Barclays could be considered a debt collector as defined under the FDCPA, Barclays argues that Joseph "has still not alleged a violation of the FDCPA." [Doc. 3-1 at 12]. Joseph does not respond to this argument. See Kramer v. Gwinnett Cty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004), aff'd, 116 F. App'x 253 (11th Cir. 2004) (unpublished) (citation omitted) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997), adopted at 1138 (footnote omitted) ("[U]nder Local Court Rule 7.1 of the United States District Court for the Northern District of Georgia, factual and legal claims to which there is no response should be treated as unopposed."); LR 7.1B, NDGa.; see also Hayes v. Rockdale Cty., 1:14-cv-2764-WSD, 2016 WL 154110, at *2 (N.D. Ga. Jan. 11, 2016) (citations omitted) (deeming defendants' motion for summary judgment on certain grounds unopposed as plaintiff failed to respond to those grounds). "The FDCPA forbids debt collectors from engaging 'in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.'" Brown v. Credit Mgmt., LP, 131 F. Supp. 3d 1332, 1340 (N.D. Ga. 2015) (quoting 15 U.S.C. § 1692d). Aside from his conclusory allegation that the calls were intended to annoy and harass him, [Doc. 1-1 at 12 ¶¶ 42-43], which the Court need not accept as true, see Iqbal, 556 U.S. at 678, Joseph has alleged no factual allegations that indicate the calls were so intended, and "[a]lthough the number of calls in [September] and [October] does appear to be somewhat high, they are unaccompanied by any [allegations of] other egregious conduct to evince an intent to harass, annoy, or abuse," Waite v. Fin. Recovery Servs., Inc., No. 8:09-cv-02336-T-33AEP, 2010 WL 5209350, at *5 (M.D. Fla. Dec. 16, 2010) (footnote omitted). Thus, Joseph has not sufficiently pled that Barclays violated the FDCPA for this additional reason.

[13] Joseph appears to request that he be granted leave to file an amended complaint if the Court finds his complaint lacking. [Doc. 5 at 9]. The Court first notes that filing a motion is the proper method to request leave to amend a complaint." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam). "However, courts must generally give a *pro se* party at least one opportunity to amend before dismissing the complaint." Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc., 57 F. Supp. 3d 1358, 1377 (M.D. Fla. 2014), aff'd, 626 F. App'x 935 (11th

## IV.  CONCLUSION

For the reasons stated herein, Joseph's motions for leave to file a surreply, [Docs. 9 & 10], are **DENIED**, and it is **RECOMMENDED** that Barclays' motion to dismiss, [Doc. 3], be **GRANTED IN PART** and **DENIED IN PART**, and that Joseph's motions to dismiss the second cause of action from his complaint, [Docs. 7 & 11], be **DENIED**.  It is further **RECOMMENDED** that Joseph II be consolidated with this action.

**IT IS SO ORDERED** and **RECOMMENDED** this 5th day of August, 2016.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

Cir. 2015) (per curiam) (unpublished) (citing <u>Cornelius v. Bank of Am., N.A.</u>, 585 F. App'x 996, 999-1000 (11th Cir. 2014) (per curiam) (unpublished)).  Nevertheless, "a court need not allow an amendment where amendment would be futile."  <u>Id.</u> (citation omitted); <u>see also</u> <u>Bryan v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citation omitted).  For the reasons already discussed, it is clear that any amendment would be futile.  Accordingly, Joseph's request for leave to amend his FDCPA claim, [Doc. 5 at 9], is hereby **DENIED**.