IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BARCLAYS BANK DELAWARE, | ) |
| | ) **Case No. 1:16-cv-00029-AT-RGV** |
| Defendant, | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MANEVIL LEWIS, | ) |
| | ) |
| Third-Party Defendant. | ) |

## **DEFENDANT'S THIRD-PARTY COMPLAINT**

Defendant Barclays Bank Delaware ("Defendant" or "Barclays"), pursuant to Fed. R. Civ. P. 14(a)(1) and 18(a), hereby files its Third-Party Complaint against Third-Party Defendant, Manevil Lewis ("Lewis"), and alleges and states as follows:

## **PARTIES**

1. Barclays is a credit card company and a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Castle County, Delaware.

22856.149 – 935792.3

2. Upon information and belief, Lewis is an individual and a citizen of the State of Georgia, and resides in DeKalb County, Georgia.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over Barclays' third-party claims for common law indemnification, contractual indemnification, and negligent misrepresentation pursuant to 28 U.S.C. § 1332, because Barclays and Lewis are diverse in citizenship, and the amount in controversy in this matter exceeds $75,000. This Court also has supplemental jurisdiction over Barclays' claims pursuant to 28 U.S.C. § 1367.

4. Lewis is a resident of Georgia and is therefore subject to the general personal jurisdiction of this Court.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Barclays' claims occurred in this district, and Lewis is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

6. On or about August 6, 2014, Lewis applied for and received a Barclaycard Rewards MasterCard® credit card account ending ****0189 (the "Credit Card").

7. When Lewis applied for the Credit Card, she agreed to be bound by the Terms and Conditions applicable to her Credit Card (the "Terms and Conditions").

8. Barclays' Terms and Conditions state, in part: "I understand that the use of any credit card account opened or any card issued in connection with this offer will constitute my acceptance of and will be subject to the terms and conditions of these Terms and Conditions and the Cardmember Agreement that will be sent to me."

9. After Lewis opened her Barclays Credit Card account, Barclays mailed a copy of Barclays' Cardmember Agreement to Lewis, in the same envelope that included the Credit Card.

10. The Cardmember Agreement which was mailed to Lewis states, in part: "By signing, keeping, using or otherwise accepting your Card or Account, you agree to the terms and conditions of this Agreement."

11. After receiving the Credit Card and Cardmember Agreement, Lewis used her Barclays' Credit Card to make purchases.

12. On her Credit Card application, Lewis provided the telephone number 470-331-4557 ("4557 Number") in the "Home Phone Number" field.

13. Barclays Terms and Conditions state, in part: "Your Telephone Number: By providing us with a telephone number(s), at the time you apply or anytime thereafter, you authorize Barclays and its affiliates, agents and independent

contractors, to contact you regarding your account at such number using any means of communication, including but not limited to calls placed to your cell, mobile or other phone using an automated dialing service, pre-recorded messages or text messages."

14. Lewis expressly consented that Barclays could contact her at the 4557 Number, including for the purposes of seeking collection of past due amounts on the Credit Card account.

15. When Lewis' Credit Card account became delinquent, Barclays placed calls to the 4557 Number to collect the outstanding balance.

16. On December 4, 2015, Plaintiff in this action, Ken Joseph ("Joseph" or "Plaintiff"), filed a Complaint against Barclays asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff filed an Amended Complaint in this action on September 14, 2016.

17. In his Amended Complaint, Plaintiff alleges that the 4557 Number is his cellular telephone number. Plaintiff also alleges that Barclays violated the TCPA by making collection calls on the Credit Card account to the 4557 Number allegedly owned by Plaintiff.

18. Barclays has denied any and all liability for the allegations in Plaintiff's Amended Complaint.

19. Lewis never informed Barclays that she no longer owned the 4557 Number or that the account information on the Credit Card account needed to be updated.

20. Lewis never informed Barclays that the 4557 Number had been reassigned to another individual.

21. On or around October 20, 2015, a Barclays representative contacted Lewis by telephone in an attempt to collect the outstanding balance on her Barclays Credit Card account.

22. During the telephone call on October 20, 2015, Barclays' representative asked Lewis whether the contact information she previously provided to Barclays, including her telephone numbers, was still accurate. Lewis stated that the telephone numbers which she had previously provided to Barclays were still accurate.

23. In his Amended Complaint, Plaintiff alleges that Barclays placed calls to the 4557 Number after October 20, 2015, and that these calls constitute a violation of the TCPA.

24. To the extent the 4557 Number was reassigned to Plaintiff, Barclays had no knowledge, and had no reasonable way of knowing that Lewis no longer owned the 4557 Number and that the 4557 Number had been reassigned.

## COUNT ONE
## Contractual Indemnification

25. Barclays re-alleges the allegations set forth in paragraphs 1-24 above, as if fully set forth herein.

26. The Cardmember Agreement is a valid and enforceable contract between Barclays and Lewis.

27. Pursuant to the Cardmember Agreement, Lewis agreed to indemnify Barclays against all losses or damages incurred by Barclays in connection with the collection of Lewis' outstanding balance to Barclays, including but not limited to Barclays' alleged liabilities to third parties.

28. To the extent Barclays is found liable to Plaintiff, which liability Barclays denies, the conduct causing Barclays' alleged liability to Plaintiff occurred in connection with Barclays seeking to collect the outstanding balance from Lewis.

29. To the extent Barclays is found liable to Plaintiff, which liability Barclays denies, Lewis is contractually obligated to indemnify Barclays for all damages.

## COUNT TWO
## Common Law Indemnification

30. Barclays re-alleges the allegations set forth in paragraphs 1-29 above, as if fully set forth herein.

31. Lewis had a duty to inform Barclays that her Credit Card account information needed to be updated, that she no longer owned the 4557 Number, and that the 4557 Number had been reassigned.

32. Lewis breached her duty to Barclays.

33. To the extent Barclays is found liable to Plaintiff, which liability Barclays denies, the conduct causing Barclays' alleged liability to Plaintiff was directly and proximately caused by the negligence of Lewis as alleged herein.

34. The relationship between Barclays and Lewis gives rise to a duty for Lewis to indemnify and hold Barclays harmless for any and all damages awarded to Plaintiff against Barclays for the collection calls allegedly made to the 4557 Number.

35. To the extent Barclays is found liable to Plaintiff, which liability Barclays denies, Barclays is entitled to indemnification from Lewis for all amounts for which Barclays may be liable to Plaintiff.

## COUNT THREE
### Negligent Misrepresentation

36. Barclays re-alleges the allegations set forth in paragraphs 1-35 above, as if fully set forth herein.

37. By providing the 4557 Number to Barclays on her application, Lewis consented to Barclays contacting her at the 4557 Number to collect any outstanding balance on the Credit Card.

38. Barclays reasonably relied on Lewis's representation that she owned the 4557 Number when it approved her application for the Credit Card.

39. Lewis had a duty to inform Barclays if her Credit Card account information changed, including the status of her of ownership of the 4557 number.

40. Lewis did not inform Barclays when she relinquished ownership of the 4557 Number.  This omission equates to supplying Barclays with inaccurate information.

41. Barclays reasonably and justifiably relied on Lewis's representation that she owned the 4557 Number when it made collection calls to the 4557 Number on the Credit Card account.

42. Any damages which Barclays suffers in the lawsuit filed by Plaintiff, are the direct and proximate result of Lewis's negligent misrepresentations.

## **PRAYER FOR RELIEF**

WHEREFORE, Barclays respectfully prays for the following relief:

1. That in the event any judgment is entered against Barclays and in favor of Plaintiff, which liability Barclays denies, that judgment in the same amount be entered in favor of Third-Party Plaintiff, Barclays, against Lewis.

2. That the Court award such other and further relief to Barclays as it may deem just and proper.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D) of the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, the undersigned hereby certifies that ***DEFENDANT'S THIRD-PARTY COMPLAINT*** was prepared in 14 point Times New Roman font.

This the 26th day of September, 2016.

                                                                   s/ Michael D. DeFrank
                                              Michael D. DeFrank
                                              Georgia State Bar No. 215865
                                              T. Cullen Stafford
                                              Georgia State Bar No. 208976
                                              Attorneys for Defendant Barclays Bank Delaware
                                              Wyrick Robbins Yates & Ponton LLP
                                              4101 Lake Boone Trail, Suite 300
                                              Raleigh, North Carolina 27607
                                              Telephone: (919) 781-4000
                                              Facsimile: (919) 781-4865
                                              Email: mdefrank@wyrick.com
                                              Email: cstafford@wyrick.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed ***DEFENDANT'S THIRD-PARTY COMPLAINT*** with the Clerk of Court using the CM/ECF system which will send notification of such filing, and that the foregoing document was served upon Plaintiff via United States Mail, first class postage-prepaid addressed as follows:

>Ken Joseph
>596 Middleton Place
>Grayson, Georgia 30017

This the 26th day of September, 2016.

>s/ Michael D. DeFrank
>Michael D. DeFrank
>Georgia State Bar No. 215865
>T. Cullen Stafford
>Georgia State Bar No. 208976
>Attorneys for Defendant Barclays Bank Delaware
>Wyrick Robbins Yates & Ponton LLP
>4101 Lake Boone Trail, Suite 300
>Raleigh, North Carolina 27607
>Telephone: (919) 781-4000
>Facsimile: (919) 781-4865
>Email: mdefrank@wyrick.com
>Email: cstafford@wyrick.com