IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BARCLAYS BANK DELAWARE, | ) |
| | ) **Case No. 1:16-cv-00029-AT-RGV** |
| Defendant, | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MANEVIL LEWIS, | ) |
| | ) |
| Third-Party Defendant. | ) |

## **ORDER**

This matter is before the court on Defendant Barclays Bank Delaware's ("Barclays" or "Defendant") Motion to Stay. In the First Amended Complaint [Doc. No. 12], Plaintiff contends that Barclays violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by using an "automatic telephone dialing system" ("ATDS") to place forty (40) calls to his cellular telephone (470-331-4557), without his consent. Barclays contends that the telephone number identified in Plaintiff's Amended Complaint was provided to Barclays by one of its customers, and that any calls by Barclays to Plaintiff's cellular telephone number were made in

an effort to collect a valid debt from an existing Barclays customer. [Doc. No. 25 ¶¶ 12, 14 24-25].

Barclays has moved to stay this action pending a decision by the Court of Appeals for the D.C. Circuit in *ACA Int'l v. FCC,* No. 15-1211 (D.C. Cir. July 13, 2015). The D.C. Circuit is currently reviewing an Omnibus Declaratory Ruling and Order issued by the Federal Communications Commission ("FCC") on July 10, 2015. *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd 7961 (2015) ("July 2015 Ruling"). In *ACA International*, the D.C. Circuit will address, among other things: (1) whether the statutory term "called party" under the TCPA includes the "intended recipient" of a telephone call; (2) whether a safe harbor exemption for unintentional calls to the wrong person is limited to only the first such call; and (3) whether telephone equipment constitutes an ATDS if it merely has the potential capacity to be altered to generate random or sequential telephone numbers. The D.C. Circuit will determine whether the FCC's treatment of these issues is "arbitrary, capricious, [or] an abuse of discretion," and thus results in an approach that does not comport with the caller's constitutional rights of due process and freedom of speech, and that disregards the applicable statute.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Federal courts routinely exercise their power to stay a proceeding where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009).

Defendant's use of an ATDS, Plaintiff's status as a "called party," and the scope of the safe harbor exemption, are all threshold issues for liability under the TCPA and for the scope of discovery in this case. Furthermore, the appeal in *ACA International* has been fully briefed and oral arguments are set for October 19, 2016. *ACA Int'l*, No. 15-1211, Clerk's Order, Dkt. 1626666 (D.C. Cir. July 25, 2016). Accordingly, the appeal before the D.C. Circuit is not likely to remain pending for an extended period of time, and the possible prejudice to Plaintiff is minimal. On the other hand, if the case is not stayed, Barclays may suffer hardship in conducting discovery and trial preparation in light of the uncertain definition of an "ATDS," "called party," or the scope of the safe harbor under the TCPA. Finally, granting a stay may simplify the issues in this case and conserve judicial resources because any order by this Court issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling.

Based on the foregoing, Defendant's Motion to Stay this action pending a decision by the Court of Appeals for the D.C. Circuit is GRANTED. Either party

3

may request the court to lift the stay once the *ACA International* appeal has been decided.

      **SO ORDERED** this the _____ day of _____, 2016.

_____