## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KEN JOSEPH, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. |
| BARCLAYS BANK DELAWARE, | 1:16-cv-00029-AT-RGV |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| MANEVIL LEWIS, | |
| Third-Party Defendant. | |

## <u>ORDER</u>

Defendant Barclays Bank Delaware ("Barclays") moves the Court for an Order staying "this action pending the United States Court of Appeals for the District of Columbia Circuit's ('D.C. Circuit') final decision in *ACA Int'l v. FCC*, No. 15-1211 (D.C. Cir. [] July 10, 2015)," [Doc. 28 at 1],[1] which plaintiff Ken Joseph ("Joseph") opposes, [Doc. 32]. Barclays has filed a reply in support of its motion to stay, [Doc. 34], and it has also filed a motion to extend its November 12, 2016, deadline to respond to Joseph's discovery requests, [Doc. 35]. Joseph has not responded to Barclays motion to extend, and, therefore, it is deemed unopposed. *See* LR 7.1B,

---

[1] The listed document and page numbers in citations to the record in this Order refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

NDGa.  For the reasons that follow, Barclay's motion to stay this action, [Doc. 28], and its unopposed motion to extend its deadline to respond to Joseph's discovery requests, [Doc. 35], are **GRANTED**.

A district court "'has broad discretion to stay proceedings as an incident to its power to control its own docket.'"  <u>Marine Horizons v. BP, PLC</u>, Civil Action No. 10-0227-WS-N, 2010 WL 2104629, at *1 (S.D. Ala. May 25, 2010) (citations omitted) (quoting <u>Clinton v. Jones</u>, 520 U.S. 681, 706 (1997)).  Thus, a "district court may issue a 'stay pending the resolution of a related case in another court.'"  <u>Arkin v. Innocutis Holdings, LLC</u>, 176 F. Supp. 3d 1313, 1314 (M.D. Fla. 2016) (quoting <u>Ortega Trujillo v. Conover & Co. Commc'ns, Inc.</u>, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam)); <u>see also</u> <u>Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.</u>, 559 F.3d 1191, 1198 (11th Cir. 2009); <u>Luster v. Sterling Jewelers</u>, 1:15-cv-2854-WSD, 2015 WL 9255553, at *2 (N.D. Ga. Dec. 17, 2015) (citation omitted).  However, "[w]hen a stay is entered pending the resolution of related proceedings, the stay may not be 'immoderate,'" which requires "an examination of 'both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay.'"  <u>Arkin</u>, 176 F. Supp. 3d at 1314 (second alteration in original) (quoting <u>Ortega Trujillo</u>, 212 F.3d at 1264).

"'When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set.'" Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 842 F. Supp. 2d 1360, 1369 (N.D. Ga. 2012) (citation omitted). "The proponent of a stay bears the burden of establishing its need." S.E.C. v. CRE Capital Corp., Civil Action No. 1:09-CV-0114-RWS, 2009 WL 1151739, at *2 (N.D. Ga. Apr. 27, 2009) (citation and internal marks omitted).

In his amended complaint, Joseph alleges that Barclays violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., by using an automatic telephone dialing system to call his cell phone. [Doc. 23 at 7-9 ¶¶ 44-51]. Barclays maintains that the "telephone number identified in [Joseph's] [a]mended [c]omplaint was provided to [it] by one of its customers, who expressly consented to receive calls at that number," and that any "calls by [it] to [Joseph's] cellular telephone number were not placed to contact [him], but rather made in an effort to collect a valid debt from an existing Barclays customer."[2] [Doc. 28-1 at 2]. Barclays

---

[2] Barclays has filed a third-party complaint against Manevil Lewis ("Lewis"), the customer who allegedly provided the telephone number and consented to be called at that number for debt collection purposes. See [Doc. 28-1 at 4-5]; see also [Doc. 25]. Barclays asserts that "[t]o the extent that the [] [n]umber was reassigned

asserts that the D.C. Circuit "is currently reviewing a controversial Omnibus Declaratory Ruling and Order ('Declaratory Ruling') issued by the Federal Communications Commission ('FCC') on July 10, 2015," [id. (citing <u>ACA Int'l</u>, No. 15-1211)], and that in "*ACA International*, the D.C. Circuit will determine three issues that are central to this matter: (1) whether the statutory term 'called party' under the TCPA includes the 'intended recipient' of a telephone call; (2) whether a safe harbor exemption for unintentional calls to the wrong person is limited to only the first such call; and (3) whether telephone equipment constitutes an autodialer if it merely has the potential capacity to be altered to generate random or sequential telephone numbers," [<u>id.</u>].  According to Barclays, "[t]hese are threshold issues in this case for both liability under the TCPA and for the scope of discovery," [<u>id.</u> at 12 (citation omitted)], in that Joseph's "claims could be completely extinguished," or "[a]t the very least, the ruling will dictate the scope of the issues, limit the scope of discovery, and streamline any potential trial, thus reducing the burden of litigation on both the parties and the Court," [<u>id.</u> at 16 (citations omitted)].  Thus, Barclays argues that it will suffer hardship if this case is not stayed, that a stay poses no risk of harm to Joseph, and that a stay would only be required for a brief time.  [<u>Id.</u> at 10-18].

---

from Lewis to [Joseph], [it] had no knowledge, and had no reasonable way of knowing that Lewis no longer owned the [] number or that the [] number had been reassigned."  [Doc. 28-1 at 5 (citation omitted)].

Joseph opposes Barclays' motion to stay, arguing that the D.C. Circuit's decision is not likely to favor Barclays, and in the event it does, "the extent to which this Court would be bound thereby is not entirely clear."  [Doc. 32 at 3-4].  In addition, Joseph asserts that the three issues that Barclays contends are central to this matter "will [not] make a difference in this case" because Joseph asked the representative "not to call his cell phone during the call and therefore [Barclays] should have considered any consent revoked."  [Id. at 5].  Finally, Joseph contends that because a grant of certiorari by the Supreme Court does not warrant a stay, this Court should not "stay this case due to ongoing proceedings taking place in the D.C. Circuit."  [Id. at 6-7].

Having considered the parties' arguments, the Court concludes that there is good cause to stay this action pending a decision by the D.C. Circuit.  "The Court is aware that district courts have gone both directions on this issue.  However, the Court agrees with the recent district court decisions in the Eleventh Circuit that have found, under similar circumstances, that a stay pending the resolution of *ACA International* is warranted."  Coatney v. Synchrony Bank, Case No: 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016) (citations omitted); see also Shahin v. Synchrony Fin., Case No: 8:15-cv-2941-T-35EAJ, 2016 WL 4502461, at *1 (M.D. Fla. Apr. 12, 2016) (collecting cases).  Whether Barclays used an automatic

telephone dialing system in calling Joseph's cell phone "is a threshold issue for liability under the TCPA and for the scope of discovery." Rose v. Wells Fargo Advisors, LLC, CIVIL ACTION NO. 1:16-CV-562-CAP, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016); see also Ricks v. Allied Interstate, LLC, Case No. 3:16-cv-00205-HES-PDB, 2016 WL 4505173, at *1 (M.D. Fla. July 11, 2016) (internal citation omitted) ("*ACA International* involves a challenge to the FCC's interpretation of the term 'automatic telephone dialing system' and whether the FCC has expanded that definition beyond Congress' intent. Thus, the decision in *ACA International* may be outcome-determinative to this case because it may determine whether [defendant] was using an [automatic telephone dialing system], a necessary element of the causes of action in [plaintiff's] [a]mended [c]omplaint.").[3]

_____

[3] Barclays asserts that, in addition to what constitutes an autodialer being an issue central to this case, "whether the statutory term 'called party' under the TCPA includes the 'intended recipient' of a telephone call" and "whether a safe harbor exemption for unintentional calls to the wrong person is limited to only the first such call" are also threshold issues in this case, see [Doc. 28-1 at 2]; however, "regardless of how the D.C. Circuit rules in *ACA International* [on these issues], its decision will have no direct impact on this case," Schwyhart v. AmSher Collection Servs., Inc., Case No. 2:15-cv-01175-JEO, 2016 WL 1620096, at *2-3 (N.D. Ala. Apr. 22, 2016) (second alteration in original) (citations and internal marks omitted) (quoting Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1252 (11th Cir. 2014)) ("[B]efore the FCC issued the FCC Order, the Eleventh Circuit had already considered and rejected the contention that the intended recipient [of a telephone call] is the called party referred to in the TCPA. And by so ruling, the Eleventh Circuit also foreclosed the possibility of a multiple-call safe harbor for unintentionally calling the wrong party.").

Moreover, "the delay in this case will likely be minimal given that [Joseph's] case is still in its infancy and the D.C. Circuit has already heard oral arguments in ACA Int[ernationa]l." Robinson v. Nationstar Mortg., LLC, CIVIL ACTION NO.: 2:16-cv-83, 2016 WL 6275192, at *2 (S.D. Ga. Oct. 25, 2016). Importantly, as Barclays points out, [Doc. 34 at 2], Joseph "has not shown that he will be prejudiced by a stay at such an early stage in the litigation," Coatney, 2016 WL 4506315, at *2, and "the Court cannot conceive of any significant prejudicial effects that would result from a stay order," Mackiewicz v. Nationstar Mortg., LLC, Case No: 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015). However, if the case is not stayed, Barclays may incur unnecessary expenses associated with conducting discovery and trial preparation if the litigation proceeds without the benefit of the D.C. Circuit's ruling regarding what constitutes an automatic telephone dialing system. Rose, 2016 WL 3369283, at *2; see also Robinson, 2016 WL 6275192, at *2. "Finally, granting a stay may simplify the issues in this case and conserve judicial resources because any order by this court issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling." Rose, 2016 WL 3369283, at *2; see also Coatney, 2016 WL 4506315, at *2 (noting that a stay pending the D.C. Circuit's decision in ACA International "will conserve judicial resources, will help clarify the law, and will enable this Court to render a sound

decision"). Accordingly, Barclays' motion to stay, [Doc. 28], is **GRANTED**. Either party or both parties jointly may request the Court to lift the stay once the <u>ACA International</u> appeal has been decided.

Barclays has also filed a motion to extend its November 12, 2016, deadline to respond to Joseph's discovery requests, [Doc. 35], which Joseph does not oppose. In its motion, Barclays requests that, if the Court grants its motion to stay, the Court "extend [its] deadline to respond to [Joseph's] Discovery Requests until thirty (30) days after the Court lifts the stay." [Doc. 35-1 at 5]. For good cause shown, Barclays' unopposed motion to extend its time to respond to Joseph's discovery requests, [Doc. 35], is **GRANTED**, and Barclays shall have thirty (30) days from the date the stay is lifted in which to respond to Joseph's discovery requests.

For the foregoing reasons, Barclays' motion to stay, [Doc. 28], and its unopposed motion to extend its time to respond to Joseph's discovery requests, [Doc. 35], are **GRANTED**, and this case is stayed until further order of the Court.

**IT IS SO ORDERED**, this 12th day of December, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE